UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

FIRSTSTORM PARTNERS 2, LLC,                    **MEMORANDUM AND ORDER**

                        Plaintiff,            10-CV-2356(KAM)(RER)

        -against-

KAYE VASSEL and PAUL VASSEL,

                        Defendants.

---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

         On May 23, 2012, the court adopted a Report and
Recommendation issued by Magistrate Judge Ramon E. Reyes, Jr. on
March 8, 2012, granting plaintiff's motion for summary judgment
in its entirety and dismissing defendants' counterclaims in
their entirety, but requested additional documentary support to
enable the court to determine the amount due and outstanding
under the Note and Mortgage, including accrued interest, and any
other relief sought by plaintiff.  (*See* ECF No. 41, Order
Adopting Report and Recommendation, dated 5/23/2012; and ECF No.
39, Report and Recommendation, dated 3/8/2012 ("R&R").)
Presently before the court are plaintiff's supplementary
submissions, which provide an adequate basis to determine the
amount due and outstanding under the Note and Mortgage.  (ECF
No. 42-43.)  Defendants did not file any opposition to

plaintiff's supplementary submissions.  For the reasons that follow, the court grants a judgment of foreclosure in favor of plaintiff in the amount of $469,095.52, plus interest at a rate of $110.29 per diem from May 24, 2012, through the date of entry of judgment, and post-judgment interest as prescribed by law. The court also awards plaintiff's counsel $17,150 in attorneys' fees, and $2,837.29 in costs.

## BACKGROUND

On May 24, 2010, Greystone Bank ("Greystone") commenced this action against defendants Kaye Vassel and Paul Vassel (together, "defendants") to foreclose on a first mortgage lien on certain real property designated as Block 10188, Lot 45 with an address of 109-18 Merrick Boulevard, Jamaica, New York (the "Property").  (*See generally* ECF No. 1, Complaint filed 5/24/2010 ("Compl.").)  On September 22, 2011, Greystone filed a motion for summary judgment, which defendants did not oppose. (ECF No. 30, Motion for Summary Judgment, filed 9/22/2011.) Following the acquisition of the Note and Mortgage at issue in this action by FirstStorm Partners 2, LLC ("FirstStorm" or "plaintiff"), FirstStorm was substituted for Greystone as plaintiff in the action.  (Order Granting Motion to Substitute Party, dated 10/26/2011.)

On March 8, 2012, Magistrate Reyes issued the R&R granting plaintiff's motion for summary judgment in its entirety

and dismissing defendants' counterclaims in their entirety.
(ECF No. 39.)  On May 23, 2012, after the expiration of the
statutory period for objections to the R&R, the court adopted
the R&R in its entirety, for the reasons stated therein, and
ordered the foreclosure and sale of the Property.  (ECF No. 41.)
The court also requested the plaintiff to provide, by June 1,
2012, additional documentary support to enable the court to
determine the amount due and outstanding under the Note and
Mortgage, including accrued interest, and any other relief
sought by plaintiff, and further ordered that any defendant who
wished to respond should so by June 8, 2012.  (*Id.*)

On June 1, 2012, FirstStorm timely submitted a sworn
affidavit and supporting documentation to establish the amount
due and outstanding under the Note and Mortgage, including
accrued interest, and the other relief it requests.  (*See
generally* ECF No. 42, Declaration of Rachel Kramer ("Kramer
Decl."); *and* ECF No. 42-1, Declaration of William McDonald
("McDonald Dec.").)  On July 19, 2012, at the court's direction,
FirstStorm submitted clarified, updated records to support its
request for attorneys' fees.  (*See* ECF No. 43, Supplemental
Memorandum dated 7/18/2012 ("Supp. Mem.").)  In addition to the
amounts due and outstanding under the Note and Mortgage,
FirstStorm also requests (*i*) attorneys' fees in the amount of
$44,721.30; (*ii*) the appointment of a referee, Michael King,

Esq., to conduct the foreclosure sale; and (*iii*) an order permitting FirstStorm to recover any deficiency remaining after the sale from defendants.  (Kramer Decl. ¶¶ 16-26, 29-30; Supp. Mem. at 1.)  None of the defendants have responded or demonstrated any intent of responding to the Court's May 23, 2012 Memorandum and Order.

## DISCUSSION

### I.   Amounts Due Under the Note and Mortgage

The court has reviewed FirstStorm's additional submissions and finds that they provide an adequate basis from which the court can determine the amount due and outstanding under the Note and Mortgage, and the interest applicable thereto.  The court has also performed independent calculations to confirm the accuracy of FirstStorm's requested amounts, and finds that FirstStorm has established its entitlement to:

- **$397,043.58** in unpaid principal, as reflected in plaintiff's computerized loan history (*see* McDonald Decl. ¶ 8, Ex. A);

- **$70,075.52** in interest accruing between December 1, 2009 and May 23, 2012, on the unpaid principal balance at the rates of 7.125% per annum (for the period prior to April 20, 2011); 12.125% per annum (for the period between April 20, 2011 and April 30, 2011; and 10% per annum (for the period between May 1, 2011 to May 23,

2012), as set forth in Paragraphs 3(b)(i)-(iii) and 8 of the Note (*see* Kramer Decl. ¶¶ 5-12, Ex. 1; McDonald Decl. ¶¶ 4-8);

- **$1,976.42** in advances for payment of "forced place insurance" for the Property (*see* McDonald Decl. ¶ 7, Ex. B);

- Interest on the Note and Mortgage that continues to accrue at a rate of **$110.29 per diem** from May 24, 2012 to the date of entry of judgment (*see* Kramer Decl. ¶¶ 13, 27-28); and

- Interest on the Note and Mortgage that continues to accrue at the **federal post-judgment statutory rate** from the date of the entry of judgment to the date of the foreclosure sale of the Property (*see* 28 U.S.C. § 1961(a); *but see* Kramer Decl. ¶¶ 3, 28).

Accordingly, the court finds that the amount due and outstanding under the Note and Mortgage as of May 24, 2012 is $469,095.52. Interest shall accrue on that amount at a rate of $110.29 per diem from May 24, 2012 to the date of entry of judgment, and, thereafter, at the federal post-judgment statutory rate, as provided in 28 U.S.C. § 1961(a), from the date of the entry of judgment to the date of the foreclosure sale of the Property.

## II.  Plaintiff's Request for Attorneys' Fees

Under the terms of the Note, FirstStorm is entitled to

attorneys' fees incurred in the instant action.  (Kramer Decl. ¶¶ 16-17.)  FirstStorm requests $44,721.31 in attorneys' fees for 107.5 attorney and paralegal hours spent, and $2,837.29 for necessary disbursements made, in the course of bringing the instant claim.  (Kramer Decl. ¶¶ 18-20, 23-25, Exs. 2-3; Supp. Mem. at 1.)  Defendants have not objected or otherwise responded to the plaintiff's application for attorneys' fees.

### A.  Fees

A determination of the appropriate award for attorneys' fees rests soundly within the discretion of the district court.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates charged."  *Morin v. Nu-Way Plastering Inc.*, No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (citing *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

### 1.  Reasonable Hourly Rate

In *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, the Second Circuit explained that, when determining the reasonableness of attorney's fees, the preferred course is:

> for the district court, in exercising its considerable discretion, to bear in mind *all* of the case-specific variables that [the

Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.  The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the *Johnson* factors;[1] it should also bear in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

484 F.3d 162 (2d Cir. 2007), *as amended,* 522 F.3d 182, 190 (2d Cir. July 12, 2007).  "After determining the amount of the presumptively reasonable fee, the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." *Chan v. Sung Yue Tung Corp.*, No. 03-CV-6048, 2007 WL 1373118, at *1 (S.D.N.Y. May 8, 2007).  In

---

[1] The twelve factors set forth by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc*. are:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

488 F.2d 714, 717-19 (5th Cir. 1971).

addition, "[t]he Supreme Court directed that district courts
should use the prevailing market rates in the community in
calculating the lodestar, or what the Second Circuit is now
calling the 'presumptively reasonable fee.'" *Lynch v. Town of
Southampton*, No. CV 05-4499, 2007 WL 1876501, at *12 (E.D.N.Y.
June 27, 2007) (citing *Blum v. Stenson*, 465 U.S. 886, 895
(1984)). The community is defined as the district in which the
court sits. *See Arbor Hill*, 522 F.3d at 190; *Lynch*, 2007 WL
1876501, at *12.

        In the Eastern District of New York, depending on the
nature of the action, extent of legal services provided, and
experience of the attorney, hourly rates range from
approximately $300 to 400 per hour for partners, $200 to $300
per hour for senior associates, and $100 to $200 per hour for
junior associates. *See Konits v. Karahalis*, 409 F. App'x 418,
422 (2d Cir. 2011) (affirming district court decision holding
that prevailing rates for experienced attorneys in the Eastern
District of New York range from approximately $300 to $400 per
hour); *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078, 2011 WL
5825138, at *4 (E.D.N.Y. Nov. 17, 2011) (noting hourly rates of
$300-$450 for partners, $200-$300 for senior associates, and
$100-$200 for junior associates); *Local 282, Int'l Bhd. of
Teamsters v. Pile Found. Constr. Co.*, No. 09-cv-4535, 2011 WL
3471403, at *12 (E.D.N.Y. Aug. 5, 2011) (quoting *Szczepanek v.

*Dabek*, No. 10-CV-2459, 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011)) (noting that "[r]ecent prevailing hourly rates in the Eastern District" are $200-$400 for partners and $100-$295 for associates); *Crapanzano v. Nations Recovery Ctr., Inc.*, No. 11-CV-1008, 2011 WL 2847448, at *2 (E.D.N.Y. June 29, 2011) (noting hourly rates of $200-$350 for partners, $200-$250 for senior associates with four or more years of experience, and $100-$150 for junior associates with one to three years of experience), *adopted by* 2011 WL 2837415 (E.D.N.Y. July 14, 2011); *Gutman v. Klein*, No. 03-CV-1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009) (approving hourly rates of $300-$400 for partners, $200-$300 for senior associates, and $100-$200 for junior associates); *Carco Grp., Inc. v. Maconachy*, No. CV 05-6038, 2011 WL 6012426, at *3 (E.D.N.Y. Dec. 1, 2011) ("In recent years, courts in this district have approved hourly fee rates in the range of . . . $70 to $100 for paralegal assistants."); *Szczepanek*, 2011 WL 846193, at *8 (surveying cases and stating recent prevailing hourly rates in the Eastern District range between $70 and $80 for legal assistants).

Plaintiff's request for an award of attorneys' fees is based on the following hourly rates:

| Timekeeper | Hourly Rate (2010) | Hourly Rate (2011) | Hourly Rate (2012) |
|---|---|---|---|
| Barry Felder, Esq. | $702 | $702 | $702 |
| Rachel Kramer, Esq. | $414 | $459 | $459 |
| Jill Nicholson, Esq. | $517.50 | n/a | n/a |
| Alicia Pitts, Esq. | n/a | $301.50 | n/a |
| Hannah Waite (paralegal) | n/a | $202.50 | n/a |
| Sara McGraw (paralegal) | $180 | n/a | n/a |
| Raymond Girou (paralegal) | $202.50 | $211.50 | n/a |

The court finds that in light of the attorneys' experience and other case-specific factors as articulated by the Second Circuit in *Arbor Hill*, the requested hourly rates are not reasonable in this district.

Mr. Felder is a litigation partner who was admitted to the bar in 1978 and has over 20 years of experience in mortgage foreclosure and related real estate financing litigation. (Kramer Decl. ¶ 21.) Although Mr. Felder plainly has decades of relevant experience, the court finds that his requested hourly rate, $702.00, is not reasonable given the routine nature of this action, the lack of complex issues, and the plaintiff's unopposed motion for summary judgment. (*See* Kramer Decl. Ex. 2.) Likewise, despite Ms. Nicholson's extensive experience in commercial foreclosures and her status as a partner, her requested rate of $517.50 is not reasonable. (*See* Supp. Mem. at 1 n.1.) As noted above, courts in this district have regularly awarded experienced attorneys hourly rates ranging from $300 to

$400.  *See, e.g.*, *Expeditors Int'l of Wash., Inc. v. Rubie's Costume Co., Inc.*, No. 03-CV-3333, 2007 WL 430096, at *2 (E.D.N.Y. Feb. 2, 2007) (finding that although counsel's requested hourly rate of $340 to $370 was "on the high side," it was reasonable given his 25 years of litigation experience and complete success on his client's claims at trial).

Similarly, the court finds unreasonable the requested hourly rate of $414 - $459 for services rendered by Ms. Kramer, a litigation associate admitted to practice in 2006, and the requested hourly rate of $301.50 for Ms. Pitts, a litigation associate admitted to practice in 2010.  (Kramer Decl. ¶ 21, Ex. 2.)  As another court in this district noted in *Crapanzano*, 2011 WL 2847448, at *2, hourly rates of $200-$250 for senior associates with four or more years of experience and hourly rates of $100-$150 for junior associates with one to three years of experience prevail in this district.  Moreover, the instant case did not pose complex issues of law warranting a heightened hourly fee award; rather, it involved a straightforward mortgage default.

Likewise, FirstStorm's requested rates for its paralegals, ranging from $180 - $211.50, are unreasonable in this district.  (Kramer Decl. ¶21, Ex. 2; Supp. Mem. at 1 n.2.)  By contrast, rates of $70 to $80 for legal assistants are considered acceptable.  *Crapanzano*, 2011 WL 2847448, at *2.

Based on the prevailing rates in this district, and in light of each attorney's experience and the facts and circumstances in this case, the court finds that reasonable hourly rates in this case are as follows:

| Attorney | Hourly Rate |
|---|---|
| Barry Felder, Esq. | $340 |
| Jill Nicholson, Esq. | $340 |
| Rachel Kramer, Esq. | $200 |
| Alicia Pitts, Esq. | $125 |
| Hannah Waite (paralegal) | $75 |
| Sara McGraw (paralegal) | $75 |
| Raymond Girou (paralegal) | $75 |

### a. Hours Reasonably Expended

The court next addresses whether the number of hours expended by FirstStorm's counsel was reasonable. A party seeking attorneys' fees "must support that request with contemporaneous time records that show 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Cablevision Sys. New York City Corp. v. Diaz*, No. CV-07-4340, 2002 WL 31045855, at *5 (S.D.N.Y. July 10, 2002) (quoting *Carey*, 711 F.2d at 1154; *see also Kingvision Pay-Per-View v. The Body Shop*, No. 00 Civ. 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying award of attorneys' fees where information regarding how the fees were accumulated was not provided even though the requested amount of $1,000 was reasonable).

In determining the presumptively reasonable fee, a court should adjust the hours actually billed to a number the

court determines to have been reasonably expended. *See Konits*, 409 F. App'x at 421. The number of hours claimed must be "supported by time records [and not be] excessive or duplicative." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 756, 764 (2d Cir. 1998); *see also Hensley*, 461 U.S. at 434 (directing district courts to exclude hours not "reasonably expended"). In adjusting the number of hours, the court "must state its reasons for doing so as specifically as possible." *LeBlanc-Sternberg*, 143 F.3d at 764 (citation omitted).

Plaintiff has provided the court with detailed contemporaneous time records documenting the hours worked by the attorneys and paralegals, and describing the work performed. (*See* Kramer Decl. ¶ 21, Ex. 2; Supp. Mem. at 1.) In total, plaintiff accounted for 107.5 hours of work.[2] (*Id.*) Upon review of plaintiff's submissions in support of its request for a fee award, the court finds the number of hours to be excessive, given the routine nature and lack of complexity in this mortgage foreclosure action. Accordingly, the court will reduce the number of hours by 15 percent. *See Kirsch v. Fleet St.*, *Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citation omitted) ("[T]he court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a

---

[2] The breakdown of hours was as follows: Mr. Felder billed 15 hour; Ms. Kramer billed 51.5 hours; Ms. Nicholson billed .2 hours; Ms. Pitts billed 31.9 hours; and paralegals billed 8.9 hours. (Kramer Decl. ¶ 21, Ex. 2; July 18th letter at 1.).)

practical means of trimming fat from a fee application.").

Accordingly, incorporating the adjustments discussed
above, the court awards plaintiff attorneys' fees in the amount
of $17,150, calculated as follows:

| Attorney/Personnel | Adjusted Hourly Rate | Adjusted Hours Billed | Total Adjusted Fee |
|---|---|---|---|
| Barry Felder, Esq. | $340 | 12.8 | $4,352 |
| Rachel Kramer, Esq. | $200 | 43.8 | $8,760 |
| Jill Nicholson, Esq. | $340 | .2 | $68 |
| Alicia Pitts, Esq. | $125 | 27.2 | $3,400 |
| Paralegals | $75 | 7.6 | $570 |
| Total | | 91.6 | $17,150 |

## B.    Costs

With respect to costs, "a court will generally award
'those reasonable out-of-pocket expenses incurred by attorneys
and ordinarily charged to their clients.'" *Pennacchio v.
Powers*, No. 05 CV 985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21,
2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763
(2d Cir. 1998)).  "The fee applicant bears the burden of
adequately documenting and itemizing the costs requested." *Id.*
(citation omitted).

FirstStorm seeks reimbursement of costs in the amount
of $2,837.29 for various disbursements.  (Kramer Decl. ¶ 23, Ex.
2.)  FirstStorm's application for reimbursement of costs
attaches supporting documentation, which reflect that plaintiff
incurred and paid the above sum for services comprising of: (1)

14

$350 for court filing fees; (2) $395 for title searches; (3) $139.99 for mailing and delivery costs; (4) $21.30 for photocopies; (5) $1,383.50 for service of process; (6) $135 in recording fees; and (7) $412.50 for legal research.  (*Id*. ¶ 23, Ex. 2.)  Defendants failed to object to plaintiff's application for costs.  Accordingly, because the court finds the application for reimbursement of costs reasonable and supported by documentation, the plaintiff is awarded $2,837.29 in costs.

### CONCLUSION

For the foregoing reasons, the court finds that the amount due and outstanding under the Note and Mortgage as of May 24, 2012 is $469,095.52.  Interest shall accrue on that amount at a rate of $110.29 per diem from May 24, 2012 to the date of entry of judgment, and, thereafter, at the federal post-judgment statutory rate provided by 28 U.S.C. § 1961(a) from the date of the entry of judgment to the date of the foreclosure sale of the Property.  The court awards plaintiff a total of $17,150.00 in attorneys' fees and $2,837.29 in costs.

**SO ORDERED.**

Dated:     Brooklyn, New York
           August 15, 2012

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York