UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

FIRSTSTORM PARTNERS 2, LLC,                    **JUDGMENT OF FORECLOSURE
                                                AND SALE**
                    Plaintiff,
                                               10-CV-2356(KAM)(RER)
     -against-

KAYE VASSEL and PAUL VASSEL,

                    Defendants.

----------------------------------------X

       **IT IS HEREBY ORDERED** that the motion of plaintiff FirstStorm Partners 2, LLC ("FirstStorm") for a Judgment of Foreclosure and Sale is GRANTED; and it is further

       **ORDERED, ADJUDGED AND DECREED** that the mortgaged premises described in the Complaint in this action and as further described in Schedule A hereto, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of sale, and the costs of this action, be sold, in one parcel, at public auction on date to be mutually agreed upon by the plaintiff and the Referee at the Courthouse for the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, under the direction of the Referee for that purpose, with a minimum bid amount of $1,000 and thereafter in bid increments of $1,000; and it is further

**ORDERED, ADJUDGED AND DECREED** that Michael F. King, Esq., 256 93rd Street, Brooklyn, New York 11209, (718) 238-2021, is hereby appointed Referee for purposes of administering the proceeds of the sale, as directed herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee, with the cooperation and assistance of FirstStorm, give public notice of the time and place of such sale according to law and the practice of this Court by advertising said sale in the Daily Challenge; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall be had no later than thirty days after the sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall deposit the balance of the proceeds of sale in his or her own name in a federally insured bank and shall thereafter make the following payments, and his checks drawn for that purpose shall be paid by said depository:

> **FIRST.** The statutory fees and commissions of said Referee pursuant to CPLR 8003(b) which shall not exceed $500 unless the sale price (the amount of the accepted bid) exceeds $50,000. In the event the sale price exceeds $50,000 and the Referee seeks additional compensation in excess of $500 pursuant to CPLR 8003(b),

2

the Referee shall apply to the Court for such compensation within five days of the transfer of the deed and prior to filing the Report of Sale. In the event a scheduled sale is cancelled or postponed, pursuant to CPLR 8003(a), plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to plaintiff. This Order shall constitute the necessary prior authorization for compensation as set forth herein. No compensation in excess of $750, including compensation authorized pursuant to CPLR 8003(a) for computation of the sum due to plaintiff, may be accepted by the Referee without Court approval.

  **SECOND.** The Referee shall pay the expenses of sale and the advertising expenses as shown on the bills presented and certified by the Referee to be correct, duplicate copies of which shall be left with said depository. The Referee shall pay or refund to FirstStorm any of the aforementioned sums paid by RCB upon presentation of receipts showing payment thereof.

  **THIRD.** The Referee shall pay, in accordance with their priority according to law, the taxes, assessments, sewer rents or water charges which are liens on the

property at the time of sale with such interest or penalties that may have lawfully accrued thereon to the date of payment.  The Referee shall pay or refund to FirstStorm any of the aforementioned sums paid by FirstStorm upon presentation of receipts of the proper municipal authorities showing the payment thereof.

**FOURTH.**  The Referee shall pay to FirstStorm or FirstStorm's attorneys the sum of $469,095.52 (which includes the amount due to FirstStorm under its Note and Mortgage as of May 31, 2012, with interest thereon from June 1, 2012 at a rate of $110.29 per day through the date of entry of this judgment), plus interest thereon at the statutory judgment rate from the date of judgment through the date of sale, or so much thereof as the purchase money of the property will pay of same, together with any advances that FirstStorm has made for taxes, insurance, or to maintain the mortgaged premises pending the consummation of this foreclosure sale not previously included in the computation and upon presentation of receipts for said expenditures to the Referee.

It is further **ORDERED, ADJUDGED AND DECREED** that if FirstStorm or its assignee is the purchaser of the mortgaged premises at the sale, the Referee shall not require FirstStorm or its assignee to pay in cash the entire amount bid at sale,

4

but shall execute and deliver to FirstStorm a deed or deeds of the premises sold upon the payment to the Referee of the amounts specified above in the items marked "First," "Second," and "Third,"; that the balance of the amount bid shall be credited to FirstStorm or its assignee and applied by the Referee to the amounts due to FirstStorm as specified above in the item marked "Fourth"; that if after so applying the balance of the amount bid, there is a surplus over and above the amounts due to FirstStorm or its assignee, FirstStorm or its assignee shall pay to the Referee, upon delivery of the Referee's deed, the amount of the surplus; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee take the receipts of FirstStorm or FirstStorm's attorney for the amounts paid as directed in items "Second," and "Third" and file them with his or her report of sale; that s/he deposit the surplus monies, if any, with the Clerk of this Court within five days after the same are received to the credit of this action, to be withdrawn only by an Order of this Court; that the Referee make his or her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty days after completing the sale and executing the proper conveyance to the purchaser; and it is further

5

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of the sale are insufficient to pay the amount due to FirstStorm with interest and costs as noted above, FirstStorm shall recover from defendants Kaye Vassel and Paul Vassel the whole deficiency; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser at the sale be let into possession on production or delivery of the foregoing Referee's deed and that within five business days of delivery of such deed, defendants Kaye Vassel and Paul Vassel shall turn over to the purchaser all tenant security deposits, if any; and it is further

**ORDERED, ADJUDGED AND DECREED** that the defendants in this action and all persons claiming under defendants, after the filing of the Notice of Pendency of this action, be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises are to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show; any covenants, restrictions, easements and public utility agreements of record, if any; any building and zoning ordinances of the municipality

6

in which the premises are located and possible violations of same; any rights of tenants or persons in possession of the premises; prior mortgage liens of record, if any, and any advances and arrears thereunder; prior liens of record, if any, except those liens addressed in Section 1354 of the R.P.A.P.L.; and it is further

**ORDERED, ADJUDGED AND DECREED** that mailing a copy of this Judgment of Foreclosure and Sale to the mortgaged premises and delivering same via U.S. mail to the defendants' last known addresses shall be deemed good and sufficient service of this Judgment of Foreclosure and Sale.

Dated:  August 15, 2012
        Brooklyn, New York

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York

**SCHEDULE A**
**DESCRIPTION OF PREMISES**

ALL that certain plot, piece or parcel of land, situate lying and being in the Borough of Queens, County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Westerly side of Merrick Boulevard (formerly Merrick Road) distant 40.19 feet Southerly from the corner formed by the intersection of the Westerly side of Merrick Boulevard with the Southerly side of 109th Avenue (formerly Packard Avenue);

RUNNING THENCE Westerly and parallel with 109th Avenue and part of the distance through a party wall, 104.06 feet;

THENCE Southerly at right angles to 109th Avenue, 19.31 feet;

THENCE Easterly again parallel with 109th Avenue and part of the distance through a party wall, 108.16 feet to the Westerly side of Merrick Boulevard;

THENCE Northerly along the Westerly side of Merrick Boulevard, 19.74 feet to the point or place of BEGINNING.

SAID PREMISES being known as 109-18 Merrick Boulevard, Jamaica, New York, 11433.